## FREDERICK J. VISSCHER, RESPONDENT, v. THE GREENBANK ALKALI COMPANY, APPELLANT.

*Contracts — several as to delivery — effect of acceptance of a portion of goods under.*

In a contract for the sale of goods, if the contract be severable in respect to the delivery, the purchaser may accept and use any portions as delivered, without waiving any right which may arise from a deficiency in the amount ultimately delivered.

It is otherwise when the contract is a unity, and all the goods are to be delivered at one time.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict and from an order denying a motion for a new trial.

The action was brought to recover damages for an alleged partial unfulfillment of an executory contract to deliver 1,200 drums of caustic soda.

*Buell & Staats*, for the appellant.

*Oliver J. Wells*, for the respondent.

BRADY, J.:

The defendants, through their agents, agreed to deliver to the plaintiff's assignors, Church & Co., 1,200 drums of their "caustic soda of *their usual size*," and at the rate of 100 drums per month. The drums delivered, in consequence of a change in their size, were smaller than the usual size referred to in the contract, and the plaintiff's assignors were consequently deprived of the advantages to be derived from the quantity of soda which they would otherwise have received. The deficiency amounted to about 164,930 pounds. The weight of the first shipment under the contract was noticed and the agents of the defendants advised of it in writing by the

firm of Church & Co., who at the same time protested against accepting it as a satisfactory fulfillment of defendant's obligations. The defense was chiefly that the drums sent were accepted, and that the purchasers, therefore, waived any right of action for a deficiency in quantity. It is true that the intent of the parties, as expressed by the words "of their usual size," was a subject of discussion, and perhaps of contest, but the main feature of the defense was as stated. The rule which is applicable to failures to perform, founded upon defects of or inferiority in the articles delivered, or upon their non-conformability to the requisitions of the contract, does not apply to a deficiency in the quantity. The former relate to the quality in form or substance of the article purchased. When they are thus defective they must be returned or the right of action is waived. The case of *Reed* v. *Randall* (29 N. Y., 358) is an illustration of this rule. When the quantity is deficient no such condition precedent exists. The purchaser is not bound to refrain from using the article delivered unless the contract is a unity to be performed by delivering the article contracted for in bulk all at the same time, as in the case of *Flanagan* v. *Demarest* (3 Robt., 173). If the contract be severable in respect to the delivery, the purchaser may accept and use the portions delivered. (*Catlin* v. *Tobias*, 26 N. Y., 222.) He does not waive any right which can prejudice the vendor, who may ultimately completely perform the contract. This the vendor cannot do when he fails to deliver in bulk as suggested, because the contract is at once broken when the failure stated occurs. The drums were not all deliverable at the same time, but through several months, and the contract was not, therefore, a unity in the sense suggested. This conclusion determines the appeal, because the exceptions do not present serious features, and may be disposed of generally by the observation that the examination of them does not reveal any reason why the judgment should be disturbed.

There was no exception to the charge, and all the requests save one were granted. The one refused was properly denied. We think the judgment should be affirmed.

Davis, P. J., and Daniels, J., concurred in the result.

Judgment affirmed.